UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE RENEE GOODWIN, | No. 2:25-cv-0320 CKD P |
| Plaintiff, | |
| v. | ORDER |
| BUTTE COUNTY, et al., | |
| Defendants. | |

Plaintiff is a Butte County Jail prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. <u>Request to Proceed In Forma Pauperis</u>

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. <u>Screening</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that plaintiff states a claim upon which she may proceed against defendant Pamela Johansen for denial of medical care in violation of the Fourteenth Amendment. With respect to the other defendants and claims identified in plaintiff's complaint, plaintiff's complaint fails to state a claim upon which relief can be granted.

At this point, plaintiff has two options: 1) proceed on the claim described above; or 2) attempt to cure the deficiencies in the complaint. In deciding whether to file an amended complaint, plaintiff is advised that as to state claims against the other defendants, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations such as plaintiff's allegations against the Butte County Sheriff are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

With respect to defendant Butte County, municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. <u>Monell v. Dep't of Social Services</u>, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Id.</u> at 694.

As for plaintiff's claims arising under state law, plaintiff is informed that to proceed on

such claims, plaintiff must comply with the terms of the California Tort Claims Act, and then plead compliance in her amended complaint. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

III. Motion to Compel

Finally, the court notes that plaintiff has filed a motion to compel responses to discovery. Discovery is not open yet. Once the appropriate defendant(s) are served with process, the court will set a time frame for discovery.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is granted 30 days within which to complete and return the attached form notifying the court whether she wants to proceed on a claim for denial of medical care arising under the Fourteenth Amendment against defendant Pamela Johansen or whether plaintiff wishes to file an amended complaint in an attempt to cure some or all of the deficiencies in the complaint. If plaintiff does not return the form, this action will proceed on the claim described above against the defendant identified, and the court will recommend that the other defendants and claims be dismissed.

3. Plaintiff's motion to compel discovery (ECF No. 3) is DENIED.

Dated: February 26, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
good0320.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE RENEE GOODWIN,<br><br>    Plaintiff,<br><br>    v.<br><br>BUTTE COUNTY, et al.,<br><br>    Defendants. | No. 2:25-cv-0320 CKD P<br><br>PLAINTIFF'S NOTICE OF<br>HOW TO PROCEED |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on a claim for denial of medical care arising under the Fourteenth Amendment against defendant Pamela Johansen.  **OR**

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

_____
Plaintiff

4