UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE RENEE GOODWIN,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY, et al.,<br><br>Defendants. | No. 2:25-cv-0320 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a Butte County Jail prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On February 26, 2025, the court issued an order informing plaintiff that she could proceed on a claim for denial of medical care arising under the Fourteenth Amendment against defendant Pamela Johansen or file an amended complaint. Plaintiff has elected to file an amended complaint. (ECF No. 12.) Plaintiff has also filed a motion for a preliminary injunction. (ECF No. 13.)

I. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

The court has reviewed plaintiff's amended complaint and again finds that plaintiff states a claim upon which she may proceed against defendant Pamela Johansen in her individual capacity for denial of medical care in violation of the Fourteenth Amendment. All other claims are not actionable.

As for plaintiff's claims arising under California law, plaintiff has not plead compliance with the terms of the California Tort Claims Act. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).

Because plaintiff is a pretrial detainee, the Eighth Amendment is not applicable to her. Claims concerning medical care for pretrial detainees arise under the Fourteenth Amendment. Gordon v. County of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018).

There is no respondeat superior liability in a § 1983 action. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Therefore, plaintiff cannot proceed on claims against any of the Wellpath defendants.

II. Motion for Preliminary Injunction

Plaintiff has filed a motion asking that she be provided access to Methadone. Because plaintiff does not assert a claim for injunctive relief in her amended complaint, the court cannot grant preliminary injunctive relief. Also, injunctive relief cannot be ordered at this stage as no defendant has been served with process. Finally, in order to obtain injunctive relief, plaintiff would have to show, among other things, an ongoing denial of her rights. According to plaintiff, she has been off Methadone for about 5 months. In order for the court to order that plaintiff restart Methadone treatment, plaintiff would have to provide the court with medical evidence indicating that plaintiff is in serious need of Methadone. See Gordon, 888 F.3d at 1125. She has not done that.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed.

2. Service is process is appropriate for defendant Pamela Johansen.

3. The Clerk of the Court shall send plaintiff a USM-285 form, summons, an instruction sheet and a copy of the amended complaint (ECF No. 12).

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form; and

        d. Two copies of the amended complaint.

    5. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

    6. The Clerk of the Court assign a district court judge to this case.

    IT IS HEREBY RECOMMENDED that:

    1. All claims except for a claim against defendant Pamela Johansen in her individual capacity for denial of medical care in violation of the Fourteenth Amendment be dismissed; and

    2. Plaintiff's motion for a preliminary injunction (ECF No. 13) be denied.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 14, 2025

                                            CAROLYN K. DELANEY
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] good0320.1

1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHELLE RENEE GOODWIN,              No. 2:25-cv-0320 CKD P

12              Plaintiff,

13        v.                              NOTICE OF SUBMISSION

14   BUTTE COUNTY, et al.,                OF DOCUMENTS

15              Defendants.

16

17       Plaintiff submits the following documents in compliance with the court's order filed

18   _____:

19       ____        completed summons form

20       ____        completed USM-285 form

21       ____        copies of the _____
                              Amended Complaint
22

23   DATED:

24

25                                    _____
                                              Plaintiff
26

27

28
                                          4